IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| IN RE: HOLLOW MOUNTAIN RESOURCES, ) | |
| INC., et al. ) | |
| STEVEN R. MULLINS EXCAVATING, ) | |
| INC. ) | |
| ) | CHAPTER   11 |
| ) | |
| ) | CASE NO. 04-00988 |
| ) | |

MEMORANDUM DECISION

The matter before the Court is the Joint Motion of Hollow Mountain Resources, Inc. and Steven R. Mullins Excavating, Inc. to approve a subcontract agreement between such corporations. The Debtors in question were represented by separate counsel in the negotiation of such proposed subcontract. In addition counsel for the Unsecured Creditors Committee in the Hollow Mountain case participated in the negotiation of the proposed agreement and the Committee strongly supports the Joint Motion. The Motion is strongly opposed, however, by Appalachian Electric Power Service Corporation as agent for Appalachian Power Company (AEP). The Joint Motion was heard before the Court on December 7, 2004 and counsel at the invitation of the Court have provided written briefs to supplement their oral arguments and the matter is not ready for decision. At the time of the hearing the Court, over the strong objection of counsel for AEP, granted a motion to shorten notice from 20 to 18 days. For the reasons noted below the Court will overrule AEP's objection and approve the Joint Motion.

FINDINGS OF FACT

The parties to the proposed contract, Hollow Mountain and Mullins Excavating,

are two of four commonly owned Debtors now before the Court in cases which have been administratively consolidated. They are all owned by Mr. Stephen R. Mullins and originally were all represented by the same counsel. Upon objection by the United States Trustee Debtors Hollow Mountain and Tri-State Leasing Corporation were required to employ independent counsel. Debtors Coal River Resources, Inc. and Mullins Excavating continue to be represented by original filing counsel, Mr. Robert T. Copeland. AEP claims to be a creditor of both Coal River and Mullins Excavating. Coal River owns the rights to mine coal from approximately 12,000 acres of land. Hollow Mountain and Mullins Excavating are companies actively involved in the mining of coal. This Court has previously approved by its order entered October 12, 2004 a contract between Coal River and Hollow Mountain giving the latter the exclusive right to mine coal from the 12,000 acres controlled by Coal River. Both of those companies were separately represented in the negotiation and drafting of theat contract, which was approved by the Court after a hearing on September 8, 2004 pursuant to a motion and notice of hearing served on August 19, 2004. According to the certificate of service filed with the motion and notice of hearing, such pleadings were served on American Electric Power Corporation, Appalachian Power Company and Mr. Douthat, their counsel. AEP did not object to the approval of such contract either in writing or orally. Neither did it move for a rehearing of the motion for approval or appeal the order which approved it. The Joint Motion now before the Court relates to a proposed subcontract from Hollow Mountain of its mining rights under the contract with Coal River Resources as to an 800 acre portion of the 12,000 acre boundary to Mullins Excavating. The evidence discloses that Hollow Mountain does not have the capacity to mine this 800 acre portion currently and that approval of the subcontract would therefore generate revenues to Hollow Mountain and Mullins Excavating, the direct parties to it, but also to Coal River under

the royalty arrangement set forth in the previously approved contract. The Court finds that all of such companies would derive economic benefits from approval of the subcontract and that the chances for a successful reorganization of Mullins Excavating would be seriously diminished if the subcontract were not approved.

Counsel for AEP both orally and in his written arguments to the Court makes very strong accusations that the Debtors are engaged in a scheme to "loot" Coal River of its valuable rights without fair consideration and to hoodwink both AEP and the Court with a "shell game" of transferring value from Coal River to the other Debtors to the extreme prejudice of Coal River's creditors, of which AEP is the major one. AEP's determined assault on the proposed subcontract between Hollow Mountain and Mullins Excavating is particularly surprising in that it claims to be a creditor of Mullins Excavating, although it apparently fears that a successful objection to its Mullins Excavating claim may be in prospect, and such corporation will significantly benefit from the subcontract and the evidence before the Court suggests that such corporation would likely face conversion to Chapter 7 if the Joint Motion is denied. It is clear, as counsel for both Hollow Mountain and its Unsecured Creditors Committee have pointed out, that AEP's vociferous complaints are really directed at the Coal River/Hollow Mountain contract although it did not object at the proper time to its approval. Counsel for AEP claims that such approval was obtained without proper notice to the affected parties of what was being done and that it was effectively "ambushed" and the Court tricked into approving a sweetheart contract which failed to accord proper value to Coal River's contract rights.

## CONCLUSIONS OF LAW

This Court has jurisdiction of this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984. A motion to approve a contract between two commonly owned

bankruptcy debtors is a "core" bankruptcy proceeding pursuant to 28 U.S.C. § 157(b)(2)(M).

It is evident that AEP's only real objection to the proposed subcontract is that it should provide a higher royalty payment to Coal River. Its objection here cannot be considered anything other than a collateral attack on this Court's earlier order of October 12, 2004 approving such royalty arrangement as a part of the Coal River/Hollow Mountain contract. AEP's language and anger seem to be so strong because it now believes that it ought to have objected to the approval of the original contract and pushed for a "better" deal for Coal River. If it should have done so, it must live with the consequences of its failure to do that. From prior hearings in these cases the Court believes that Coal River's management and counsel understand and accept their fiduciary duties to the company's creditors. If AEP truly believes that the Court's approval of the original contract was obtained improperly and without adequate notice to those affected thereby, it is of course free to attack this Court's October 12, 2004 order directly pursuant to Bankruptcy Rules 9023 and 9024, which would be the proper procedural step to seek to overturn such order. This Court will not accept AEP's complaints against the royalty commission paid to Coal River pursuant to its contract with Hollow Mountain as a basis to refuse to approve a subcontract by Hollow Mountain of a portion of its rights to Mullins Excavating when all other parties in interest vigorously support such approval and the evidence discloses that such subcontract is an appropriate exercise of the business judgment of the management of both of such companies.

By a separate order the Court will approve the Joint Motion and deny AEP's Objection thereto.

This 10th day of December, 2004

William F. Stone, Jr.
UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

IN RE: HOLLOW MOUNTAIN RESOURCES, )
    INC., et al. )
    STEVEN R. MULLINS EXCAVATING, )
    INC. )
       ) CHAPTER   11
       )
       ) CASE NO. 04-00988
       )

ORDER

For the reasons stated in this Court's contemporaneous memorandum opinion, it is

ORDERED

that the Debtors' Joint Motion to Assume Executory Contract is GRANTED and the Objection filed by American Electric Power Service Corporation thereto is OVERRULED.

    The Clerk is directed to send copies of this order and accompanying memorandum opinion to Debtors: Coal River Resources, Inc., Tri-State Leasing Corp., Hollow Mountain Resources, Inc. and Steven R. Mullins Excavating, Inc.; Debtors' counsel: Andrew S. Goldstein, Esq.; Robert T. Copeland, Esq.; and Fred Leonard, Esq.; Counsel for the Unsecured Creditors Committee of Hollow Mountain Resources, Inc., William E. Callahan, Jr., Esq.; Counsel for Appalachian Power Company, James F. Douthat, Esq., and Counsel for the Office of the United States Trustee, Margaret K. Garber, Esq.

    ENTER this 10th day of December, 2004.

                             William F. Stone, Jr.
                             UNITED STATES BANKRUPTCY JUDGE