IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

|  |  |  |
|---|---|---|
| IN RE: HOLLOW MOUNTAIN RESOURCES, INC., | ) ) ) | |
| Debtor | ) ) | CASE NO. 04-00988 |
|  | ) ) | CHAPTER 11 |
|  | ) ) ) | MEMORANDUM DECISION |

The matter before the Court is certain Objections filed by counsel for Baker Hughes Mining Tools to the First Amended Disclosure Statement filed by Hollow Mountain Resources, Inc. The Court heard arguments from counsel for Baker Hughes and the Debtor on April 26, 2005 in a conference telephone call and counsel for the Debtor has set forth its written response to these Objections by means of a letter dated April 29, 2005. The parties have requested a ruling on these objections in advance of the hearing scheduled for June 21, 2005 upon approval of the Amended Disclosure Statement.

The Objections are eleven in number and of these 2 were withdrawn orally by counsel for Baker Hughes in the April 26 hearing. The remaining Objections and the Debtor's response thereto are as follows:

*Objection #1:*

The Disclosure Statement does not provide sufficient information about the Plan's treatment of creditors whose interests might become subordinated by orders entered in the Euler Hermes adversary proceedings. According to the Disclosure Statement, Hermes has a claim against Steven R. Mullins, as well as Steven R. Mullins Excavating (hereafter "SRMX") and Tri State, but there is no mention of Mullins being treated as a Class 8 claimant.

*Response of Debtor:*

The last paragraph of Section X, "Legal Proceedings," addresses the Debtor's intention to modify its Plan to address any creditors whose claims are subordinated.

**Ruling:** The objection is sustained. The Disclosure Statement should disclose whether Steven Mullins individually is understood to have any claim against the Debtor and, if so, how the same is proposed to be treated. If there is no such known claim, a statement to such effect should be added to the Legal Proceedings section of the Disclosure Statement. In addition, paragraphs 7 and 8 of section VIII of the Disclosure Statement should contain a cross-reference to section X as to how the result of such legal proceedings might affect the proposed treatment of insider claims under the Plan. The Disclosure Statement should also add language concerning Class 9 claims under the Plan.

*Objection #2:*

The Disclosure Statement deletes the Coal River Resources post-petition executory contract claim and the Steven R. Mullins post-petition executory contract claim without explanation.

*Response of Debtor:*

The Amended Plan deletes treatment of the Coal River Resources contract claim and the Steven R. Mullins contract claim because those are post petition contracts. The contracts themselves are disclosed and described in the material post petition events section (Section III of the Disclosure Statement).

**Ruling:** The objection is overruled. The Disclosure Statement contains sufficient information concerning these contracts to permit creditors to make an informed decision as to their effect upon the Debtor's ability to fulfill the provisions of the Plan.

*Objection #3:*

The Disclosure Statement makes unsubstantiated representations as to how SRMX and Tri State Leasing Corporation will assert reduced allowed unsecured claims against Hollow Mountain. There are no such assertions in those two Debtors' Disclosure Statements and Plans. Under the treatment of Class 7, the Plan which is attached as an exhibit to the Disclosure Statement states that SRMX will only assert an allowed unsecured claim in the amount of $1.9 million, down from $3.1 million, and that Tri State will reduce its claim from $1.425 million to $1.2 million. This suggests that SRMX and Tri State are releasing claims against the estate by almost $1.5 million. Closer analysis reveals that the $1.5 million being "released" resurfaces as Class 8 claims. Apparently, SRMX and Tri State have the right not to participate in "this Class 7 distribution" which means SRMX's Class 7 claim may go back up to $3.1 million and Tri State's may go from $1.2

million to $1.425 million.

*Response of Debtor:*

It is the Debtor's clear understanding that Steven R. Mullins Excavating Inc. and Tri State Leasing will assert their claims against Hollow Mountain as described in the Hollow Mountain Plan. It is also Hollow Mountain's belief and assertion that upon confirmation of its Plan, both Steven R. Mullins Excavating Inc. and Tri State Leasing, parties in interest who will receive notice of the Plan, will be bound by the confirmed Plan's treatment. Accordingly, I do not believe that additional disclosure is necessary.

**Ruling:** The objection is sustained in part and overruled in part. The Court agrees with the Debtor that if the Plan as proposed is confirmed, the two affiliated co-debtors will be bound by the provisions of the confirmed plan. If some different treatment is ultimately provided for such co-debtors, it will have to be under the terms of a different plan and appropriate disclosure statement. The objection is partially sustained, however, to the extent that the proposed treatment of the co-debtor claims in Classes 7 and 8 cannot be understood without also reading in detail the corresponding provisions of the Plan. The Disclosure Statement does incorporate the Plan by reference, but it must be capable, standing alone, of providing to the creditors a clear understanding of what treatment will be accorded these claims if the proposed Plan is confirmed.

*Objection #4:*

The Disclosure Statement fails to disclose that the Plan violates the Absolute Priority Rule.

*Response of Debtor:*

In response to the objection initially filed by the United States Trustee regarding the absolute priority rule, the Debtor agreed to add language in Section IX (B) regarding the absolute priority rule. This language was satisfactory to the United States Trustee. I believe that the reference to the Debtor's necessary compliance with the absolute priority rule and the recommendation that creditors seek legal advice regarding confirmation standards is satisfactory disclosure.

**Ruling:** The objection is sustained in part. The Disclosure Statement should contain a brief description of the Absolute Priority Rule and its applicability to the provisions of the Plan. It should also disclose whether or not the proposed Plan violates such Rule, according to the Debtor's understanding of the matter, and if such Rule is violated, the consequences of such fact, with the caveat that the Disclosure Statement cannot provide legal advice and creditors should consult legal counsel regarding their rights under such Rule and under the Plan, if confirmed.

*Objection #5:*

The Disclosure Statement and Plan should make it clear to the unsecured creditors that the affiliate debtors, SRMX and Tri State Leasing, could begin receiving payments under the Plan, even though they are subordinated, before the unsecured creditors are paid and could be paid in full even though the unsecured creditors claimants under Class 7 are not paid in full. The Disclosure Statement should state that this violates the Absolute Priority Rule.

*Response of Debtor:*

The treatment of Class 7 general unsecured claims and Class 8 voluntary subordinated unsecured claims, along with the timing of their payments, are clearly set out in the Plan. No additional disclosure is necessary for creditors to be able to understand the timing and order of payments. It remains the Debtor's assertion that its disclosures regarding the absolute priority rule are sufficient.

It should also be pointed out that the Class 8 claims are in fact **voluntary** subordinated unsecured claims. To date, the claims contemplated by Class 8 are not legally subordinate to those of the general unsecured creditors; these claimants are merely willing to subordinate a portion of their claims to accelerate payment to general unsecured creditors. The payments in question are not payments to equity of the Debtor, but rather to creditors. Accordingly, it is not clear that the absolute priority rule is impacted at all in this Plan.

**Ruling:** These matters have been adequately addressed by the Court's rulings above concerning Objections # 1, 3 and 5. Accordingly, this objection is sustained only to the extent previously provided in this Decision and not otherwise.

*Objection #6:*

The Class 9 claimant is Steven R. Mullins who apparently will begin receiving dividends and distributions as soon as "plan obligations are satisfied." "Plan obligations" is not a defined term, but apparently means that Mr. Mullins will start receiving distributions and dividends before unsecured creditors receive payment in full. It should be disclosed that this violates the Absolute Priority Rule.

*Response of Debtor:*

The language in Class 9 is self explanatory and does not require the definition of "plan obligations" in this context. As to the absolute priority rule, the Debtor repeats its earlier assertions regarding adequacy of disclosure.

**Ruling:** The prior rulings in this Decision have adequately dealt with the issues raised by this objection. If the Disclosure Statement is amended as required by

such rulings, it will provide satisfactory information to creditors concerning their treatment under the Plan. This objection is sustained to the extent otherwise provided in this Decision.

*Objection #7:*

The Bankruptcy Code does not require or allow this Court to retain jurisdiction in the manner encompassed by this Disclosure Statement and Plan.

*Objection #8:*

The Bankruptcy Code envisions the closure of the estate and the reorganized debtor re-entering commerce at some point as though there had never been a bankruptcy. Under this Plan that will never happen; the Bankruptcy Court will always retain jurisdiction. Such permanent jurisdiction is not contemplated by 11 U.S.C. 1127, 11 U.S.C. 1142, 11 U.S.C. 350, or Rule 3022. Disclosure of the impropriety of the retention clause is required. The Court should deny approval of the Disclosure Statement because the Plan itself is unconfirmable.

*Objection #9:*

Subparagraph (d) contained in Article V is one of many provisions in Article V that is overly broad.

*Response of Debtor to Objections #7, #8 and #9:*

I believe that there was some consensus that these objections might actually be confirmation objections. The retention of jurisdiction language is contained in the Plan. To the extent that they remain as Disclosure Statement objections, I will point out that the retention of jurisdiction provision in Article V of the Plan is prefaced by the language "Until this case is closed." Article VIII calls for a Final Decree closing the case upon the Plan's consummation and the implementation. I am not certain what additional disclosure the Debtor could make regarding retention of jurisdiction.

**Ruling:** These objections are overruled s the Court does not find that further clarification on these points is necessary in order for the creditors to obtain sufficient information in order to permit them to make informed decisions concerning their acceptance or rejection of the provisions of the Plan.

Counsel for the Debtor in his April 29 letter to the Court advises that as a result of negotiations with the Unsecured Creditors Committee, the Plan and apparently the Amended Disclosure Statement are being revised as they relate to the treatment of Class 8 claims, which

involve the claims in the Hollow Mountain case possessed by its co-debtor affiliates, Steven R. Mullins Excavating Co. and Tri-State Leasing Corporation, as follows:

> To the extent that Steven R. Mullins Excavating Inc. and/or Tri-State Leasing Corporation have allowed unsecured claims that are not paid in Class 7 of this Plan, they will [be] treated as allowed voluntary subordination claims in Class 8. The Class 8 claims commence receiving payment, until paid in full, by the same formula as set forth in Class 7 for allowed unsecured claims, upon the Class 7 claims receiving all payments due them under the Plan.

He states that counsel for Baker Hughes, having been advised of this change, maintains his existing objections to the Amended Disclosure Statement.

**Ruling:** This language standing alone in the Disclosure Statement is inadequate to enable the creditors to understand the proposed treatment of the co-debtor claims under the Plan. Accordingly, it must be supplemented as provided above in the Court's ruling as to Objection # 3.

**Court's sua sponte Ruling:** The Court sua sponte rules that paragraph #5 of section III, the second paragraph of section VI, and the second paragraph of section X of the Amended Disclosure Statement should all be updated to reflect existing circumstances and expectations as of the date of such Statement rather than speaking of events in the past as if they are yet to occur.

The rulings contained in this Memorandum Decision shall be implemented by an order to be entered contemporaneously with its signing.

This 20th day of May, 2005.

_William F. Stone, Jr._
UNITED STATES BANKRUPTCY JUDGE